IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **THE STRATFORD APARTMENTS, LLC** | ) | Case No. 11-30041 |
| | ) | |
| Debtors. | ) | |

**EMERGENCY MOTION OF THE DEBTOR FOR
AUTHORITY TO USE CASH COLLATERAL**

The Stratford Apartments LLC, the above-captioned debtor and debtor in possession herein (the "Debtor"), by this emergency motion (the "Motion"), respectfully requests the entry of an interim order authorizing the use of cash collateral and providing adequate protection for the use thereof pursuant to sections 105, 361, and 363 under Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure and setting a hearing for further interim or final approval at least 14 days after the filing of this motion. In support of this Motion, the Debtor respectfully represents and states as follows:

**JURISDICTION**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). The statutory predicates for relief requested herein are sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001.

## BACKGROUND

2. On January 7, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtor is a debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

3. The Debtor is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in Charlotte, Mecklenburg County, North Carolina. The Debtor owns an apartment complex located at 5115 Park Road, Charlotte, North Carolina, which is commonly known as "The Stratford Apartments" (the "Property").

4. Upon information and belief, and prior to the Petition Date, Debtor borrowed certain funds from Highland Mortgage Company (the "Loan"). The Loan is evidenced by the following documents: (i) a Deed of Trust Note dated October 22, 2002 in the stated principal amount of $4,642,200.00 (the "Note"); (ii) a Deed of Trust and Assignment of Rents, Profits and Income (Multifamily) dated October 22, 2002 (the "Rent Assignment"); and (iii) the Security Agreement dated as of October 22, 2002 (the "Security Agreement")(collectively, the foregoing are the "Loan Documents"). Pursuant to the terms of the Loan Documents, the Debtor granted Highland Mortgage Company a security interest in certain property of the Debtor, including the real property, fixtures, leases, rents, and revenues.

5. Upon information and belief, Lenox Mortgage XIII, LLC ("Lenox Mortgage"), asserts that it is the current holder of the Note pursuant to that certain Assignment of Mortgage dated as of September 22, 2010.

6. Due to the emergency nature of this filing, counsel for the Debtor has not yet had a full opportunity to review all of the Loan Documents or the documents purporting to assign the

Note to Lenox Mortgage. At this point, the Debtor relies upon its understanding that the Loan is secured by a properly perfected lien on substantially all assets of the Debtor. The Debtor reserves the right to challenge the perfection of any liens at a later date, as well as the right of any other party in interest to do so. For purposes of this Motion, the Debtor presumes that the Loan Documents evidence a valid debt owed by the Debtor and that substantially all of its property is subject to a valid, first-priority and properly perfected security interest securing that debt.

## RELIEF REQUESTED

7. Pursuant to this Motion, the Debtor seeks authority to use cash collateral, on an interim basis, to operate in the ordinary course of business. Since the Debtor is not currently in possession of its books and records because Brown Investment Properties was appointed as a receiver for the Property, the Debtor is currently unable to submit a formal budget to the Court.[1] The Debtor proposes to use cash collateral on an interim basis to pay all reasonable and necessary expenses incurred by the Debtor while operating the Property. Once the Debtor has regained control of the Property, the Debtor will submit a formal budget to the Court for final approval. Once the Debtor submits a formal budget, the Debtor proposes that it be in compliance with the budget so long as the Debtor does not exceed the budget by more than 10% on a cumulative basis because the amount of certain expenses or the timing of all expenses cannot be predicted with certainty.

8. The Debtor requests a preliminary hearing on an emergency basis to approve this interim request pursuant to Bankruptcy Rule 4001(b)(2) and that a final hearing be set at least 14 days after the filing of this Motion.

---

[1] Contemporaneously herewith, the Debtor filed a motion to compel Brown Investment Properties to turnover control of the Property, the books and records related thereto and the rents and profits on hand.

{00236115.DOC V. C331.018224;}

## **BASIS FOR RELIEF REQUESTED**

9. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor in possession may not use cash collateral without the consent of the secured party or court approval. See 11 U.S.C. § 363(c)(2).

10. In order for a court to authorize the use of cash collateral over a secured party's objection, the secured party's interest in the cash collateral must be adequately protected. Adequate protection is designed to ensure that a secured creditor does not suffer a decline in the value of its interest after the automatic stay is imposed. *In re Wrecclesham Grange, Inc.*, 221 B.R. 978, 981 (Bankr. M.D. Fla. 1997) (citing *In re Addison Properties Limited Partnership*, 185 B.R. 766, 769 (Bankr. N.D. Ill. 1995)). Therefore, in the context of a cash collateral motion, the purpose of adequate protection is to protect the secured lender from a diminution in the value of its collateral during the period in which it is prevented from foreclosing upon such collateral by the automatic stay. *In re Delta Resources, Inc.*, 54 F.3d 722, 728-30 (11th Cir. 1995), *cert denied*, 516 U.S. 980 (1995).

11. In cases such as this one, where rents constitute a lender's cash collateral and rental income constitutes a continuous income stream, the mere use of rents does not diminish the value of the cash collateral. *Wrecclesham Grange*, 221 B.R. at 981 (citation omitted). This is because the protected cash proceeds are being used to generate new collateral of equivalent value such that "…the lien on each month's rents replaces the lien on the prior month's rents," and no diminution in value occurs. *Id*. Only if the stream of rents declines such that the value of rental income is not constant would adequate protection be required. *Id.* at 981-82 (citations omitted). The primary issue is thus whether the stream of post-petition rents is decreasing. *Id.*

The burden of proof is on the creditor to prove that the value of its collateral (the stream of post-petition rents) is declining.

12. Here, the Debtor asserts that entry of an order permitting the use of cash collateral is necessary to ensure that the going-concern value of the Debtor's business is maintained and to protect and preserve its assets. Upon information and belief, the Debtor's rental income stream is actually increasing, not decreasing. Accordingly, the value of the Lenox Mortgage's claim has not diminished since the inception of this case. Nevertheless, to provide adequate protection to the Lenox Mortgage, the Debtor agrees that Lenox Mortgage shall have replacement liens in post-petition assets to the same extent and priority as existed pre-petition with respect to cash collateral actually expended during the duration of the cash collateral order. Thus, the Debtor respectfully submits that its use of cash collateral is proper pursuant to Section 363(c)(2) of the Bankruptcy Code.

13. Upon information and belief, Lenox Mortgage's collateral position will be adequately maintained during the Debtor's use of cash collateral. Thus, the Debtor respectfully submits that its use of cash collateral is proper pursuant to section 363(c)(2) of the Bankruptcy Code.

14. The Debtor's ability to fashion an effective plan to satisfy secured, priority, and other claims would be irreparably impaired and the value of the pre-petition collateral will suffer a dramatic decline if the Debtor is not permitted to use cash collateral. Moreover, if the Debtor is not permitted to use cash collateral, the value of the Debtor's assets and the collateral will deteriorate exponentially.

15. Accordingly, the Debtor requests that this Court grant it authority to use cash collateral on an interim basis to pay all reasonable and necessary expenses incurred operating the

Property. Once the Debtor has regained control of the Property, the Debtor requests the Court to authorize the Debtor's use of cash collateral on a final basis consistent with a formal budget that the Debtor will file with the Court. Without such authorization, the Debtor's efforts to reorganize and maximize creditor recoveries will be brought to a halt and the intent and purpose of chapter 11 will be frustrated.

## **NOTICE**

Notice of this Motion has been given to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) counsel for Lenox Mortgage and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor respectfully requests that the court grant the relief requested herein and such further and other relief as is just and proper.

Dated: Charlotte, North Carolina
       January 10, 2011

>                                HAMILTON MOON STEPHENS STEELE
>                                & MARTIN, PLLC
>
>                                   */s/ Andrew T. Houston*
>                                Travis W. Moon (Bar No. 3067)
>                                Glenn C. Thompson (Bar No. 37221)
>                                Andrew T. Houston (Bar No. 36208)
>                                201 South College Street, Suite 2020
>                                Charlotte, North Carolina 28244-2020
>                                Telephone: (704) 344-1117
>                                Facsimile: (704) 344-1483
>                                *Counsel for the Debtor*

{00236115.DOC V. C331.018224;}